IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MESCHELLE BANKS, on behalf of herself and others similarly situated, | CIVIL ACTION |
| Plaintiff, | NO. _____ |
| v. | JURY TRIAL DEMANDED |
| NEW VITAE, INC. and TRI COUNTY RESPITE, INC., | |
| Defendants. | |

## COMPLAINT

Plaintiff Meschelle Banks ("Plaintiff"), on behalf of herself and similarly situated employees, brings this lawsuit against the above-captioned Defendants New Vitae, Inc. and Tri County Respite, Inc. ("Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§ 1331.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## THE RELEVANT TIME PERIOD

4. The FLSA and PMWA permit Plaintiff to recover unpaid wages and liquidated damages for up to three years prior to the filing of this lawsuit. Accordingly, the allegations set forth herein concern Plaintiff's joint employment by Defendants since August 27, 2005.

## PARTIES

5. Plaintiff is an individual currently residing in Allentown, Pennsylvania (Lehigh County).

6. Defendant New Vitae, Inc. ("New Vitae") is a corporation headquartered in Quakertown, Pennsylvania (Bucks County). Upon information and belief, New Vitae operates the New Vitae Mental Health Center, also located in Quakertown, Pennsylvania (Bucks County).

7. Tri County Respite, Inc. ("TCR") is a corporation headquartered in Limeport, Pennsylvania (Lehigh County). Upon information and belief, Defendant TCR owns and operates four separate adult mental health facilities in the Eastern District of Pennsylvania. One of these facilities is the New Vitae Mental Health Center, which is jointly owned and operated by Defendant New Vitae. The other facilities include Mount Trexler Manor, Quakertown House, and TryCo Apartments.

8. Defendants are establishments engaged in related activities performed through a unified operation or common control for a common business purpose.

9. Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

10. Defendants' annual gross volume of business done exceeds $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11.     Defendants are each employers covered by the record-keeping, minimum wage, wage payment, and overtime mandates of the FLSA and/or the PMWA.

**FACTS**

12.     During all relevant times since in or around September 2003, Plaintiff has been jointly employed by Defendants and, throughout her joint employment, she has been under the common control of both Defendants and performed work that simultaneously benefitted both defendants.

13.     Plaintiff has been employed by Defendants at its New Vitae Mental Health Center as a Mentor since in or around September 2003.  As a Mentor, Plaintiff helps Defendants' young adult clients adjust to society by, *inter alia*, taking them shopping and to the movies.

14.     Plaintiff's position is not exempt from the overtime pay mandates of the FLSA or the PMWA.

15.     Plaintiff has regularly worked in excess of 40 hours per workweek.  With the exception of one occasion, Defendants have failed to pay Plaintiff overtime compensation calculated at one-and-one-half-times her regular hourly rate of pay for each hour over 40 in a workweek.

16.     Upon information and belief, Defendant TCR employs approximately 45 other individuals in the position of Mentor in its four adult care facilities, which are referred to herein as "the Workers."  Plaintiff believes that Defendants also have failed to compensate the Workers the legally mandated overtime premium for hours worked over 40 in a workweek.

17.     In failing to pay Plaintiff and the Workers the legally mandated overtime premium for hours worked over 40 in a workweek, Defendants acted willfully and with reckless disregard of clearly applicable FLSA and PMWA provisions.

## COLLECTIVE ACTION ALLEGATIONS

18.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of potential opt-in litigants:

> All individuals who were employed by Defendants as Mentors who worked over 40 hours during any workweek since August 27, 2005.

19.     Plaintiff desires to pursue her FLSA and PMWA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).[1]

20.     Plaintiff and the above class members are "similarly situated," as that term is defined in 29 U.S.C. § 216(b), because, *inter alia*, all proposed class members worked pursuant to Defendants' previously described common business practices and, as a result of such practices, were not actually paid the legally mandated overtime premium for overtime hours actually worked. Resolution of this action requires inquiry into many common facts, including, *inter alia*, Defendants' common compensation, timekeeping, and payroll practices.

## COUNT I

### (Alleging Violations of the FLSA)

21.     All previous paragraphs are incorporated as though fully set forth herein.

22.     The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

23.     The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

---

[1] Plaintiff does not pursue her PMWA claim as an opt-out class action pursuant to Federal Rule of Civil Procedure 23.

4

24.	During all relevant times, Plaintiff and the class were covered employees entitled to the above-described FLSA protections.

25.	Defendants violated the FLSA by failing to pay Plaintiff and the class the legally mandated overtime premium.

26.	In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II

### (Alleging Violations of the PMWA)

27.	All previous paragraphs are incorporated as though fully set forth herein.

28.	The PMWA requires that covered employees be compensated for every hour worked in a workweek.  *See* 43 P.S. § 333.104(a).

29.	The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek.  *See* 43 P.S. § 333.104(c).

30.	During all relevant times, Plaintiff and the class were covered employees entitled to the above-described PMWA protections.

31.	Defendants violated the PMWA by failing to pay Plaintiff and the class the legally mandated overtime premium.

32.	In violating the PMWA, Defendants acted willfully and with reckless disregard of clearly applicable PMWA provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief on behalf of herself and, with respect to her FLSA claim, all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential class members;

C. An injunction prohibiting Defendants from engaging in future violations of the FLSA and PMWA;

D. Back pay damages and prejudgment interest to the fullest extent permitted under the law;

E. Liquidated damages to the fullest extent permitted under the law;

F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all claims so triable.

Date:  August 27, 2008

/s/ R. Andrew Santillo
R. Andrew Santillo
THE WINEBRAKE LAW FIRM, LLC
Twining Office Center, Suite 114
715 Twining Road
Dresher, PA 19025
Phone:  (215) 884-2491

/s/ Peter Winebrake
Peter Winebrake
THE WINEBRAKE LAW FIRM, LLC
Twining Office Center, Suite 114
715 Twining Road
Dresher, PA 19025
Phone:  (215) 884-2491